21303

In the Matter of Harvey William BURGESS, Respondent.

(270 S. E. (2d) 436)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. L. Kennedy Boggs,* Columbia, *for complainant.*

*John W. Williams* and *John R. Lester,* Columbia, *for respondent.*

September 16, 1980.

*Per Curiam:*

This is a disciplinary proceeding in which the complaint alleged that respondent charged and collected excessive fees in two particulars, wrongfully withheld funds owed to the client, improperly split a fee without full disclosure, and improperly contacted the client following the initiation of this grievance proceeding.

The hearing panel found that respondent collected a clearly excessive fee and improperly contacted the complaining witness following the initiation of the grievance. The hearing panel recommended a private reprimand. The Executive Committee found that respondent charged and collected an excessive fee and independently recommended that respondent be publicly reprimanded.

The Court agrees that the acts of respondent justified the recommendation of the Board that he be publicly reprimanded.

Accordingly, the respondent, Harvey William Burgess, stands publicly reprimanded by this Court for his acts of professional misconduct. However, that sanction is conditioned upon satisfactory proof of repayment by respondent of $2,500.00 to the complaining witness, receipt for payment of which respondent shall submit to the Clerk of this Court within thirty (30) days.

GREGORY, J., dissents.

GREGORY, Justice (dissenting):

I respectfully dissent.

I am in accord with the findings of misconduct by the hearing panel and would adopt the panel's recommendation

of a private reprimand as the appropriate sanction. The fee in my view was "clearly excessive" by exactly $500.00.[1] I would also require repayment of that amount as a condition of the private reprimand.

---

[1] This amount charged the complainant, without prior authorization, was paid to another attorney for his assistance to respondent in the case. Respondent's counsel does not seriously contest that the handling of this portion of the fee was, at best, ill-advised.