21890

In the Matter of Harvey William BURGESS, Respondent.
(302 S. E. (2d) 325)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. C. Havird Jones, Jr.*, Columbia, *for complainant.*

*Jean H. Toal*, Columbia, *for respondent.*

March 28, 1983.

*Per Curiam:*

The Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline recommend respondent Harvey William Burgess be indefinitely suspended for professional misconduct. We disagree.

The first instance of misconduct arises from the following advertisements respondent placed in "The State" newspaper.

ATTACHMENT A

ATTACHMENT B

In *Bates, et al. v. State Bar of Arizona,* 433 U. S. 350, 97 S. Ct. 2691, 53 L. Ed. 2d 810 (1977), the United States Supreme Court held lawyer advertising to be protected speech under the First Amendment. The court emphasized, however, that states still have a legitimate interest in controlling abuses, and that such advertising may be regulated. See also *In the Matter of R.M.J.,* 455 U. S. 191, 102 S. Ct. 929, 71 L. Ed. 2d 64 (1982).

Disciplinary Rule 2-101 of the Code of Professional Responsibility regulates attorney advertising in this state. The rule

provides that an attorney shall not use any public communication which (1) contains a misleading statement, (2) omits a material fact necessary to make the statement not misleading, (3) is intended to attract clients by use of showmanship or garish format, or (4) is presented in an undignified manner. DR2-101(A)(1)(b), 2-101(A)(2)(f), and 2-101(B).

Both advertisements violate these regulations. They promise relief from financial difficulty, yet fail to disclose the nature of the service to be provided (i.e., bankruptcy). One advertisement does not even reveal respondent is an attorney. The advertisements are presented in a showy and undignified manner unbefitting of the profession. Clearly, these advertisements do not further the legitimate aim of attorney advertising, which is to educate the public and facilitate intelligent selection of counsel, and not merely to attract clients.

The other instances of misconduct concern respondent's negligent representation of his clients. Respondent's advertising campaign resulted in the growth of his practice to the extent he was unable to promptly comply with applicable statutes and rules of Bankruptcy Court.

The Panel found that in numerous cases handled by respondent, the debtor's bankruptcy petition was dismissed because of respondent's inaction. On several occasions he failed to appear at the first creditors' meeting; on another, he failed to timely answer a petition seeking the sale of a client's home outside bankruptcy; another time, he improperly joined the petition of a mother and son, causing dismissal of the mother's petition. In yet another instance he failed to explain to a client that he had filed a bankruptcy petition for her and that bankruptcy would adversely affect her credit rating. Numerous times, respondent failed to timely file proof of notice to affected creditors, amendments of plans, and petitions to stop pending foreclosures. Additionally, respondent frequently failed to make notations of fees charged, rendering it impossible for the judge or trustee to determine their reasonableness.

In the majority of these cases, the clients' rights were not materially affected. In some cases respondent simply refiled the petitions, and in others the bankruptcy court refrained from imposing sanctions. Nevertheless, an attorney may not

practice law on the assumption that judges will be reluctant to prejudice an innocent client's rights despite his attorney's negligent performance.

We find respondent's advertisements violate ■ DR2-101(A)(1)(b), 2-101(A)(2)(f), and 2-101(E), and that he *repeatedly* neglected legal matters entrusted to him in violation of DR6-101(A).

Having concluded that the respondent is guilty of misconduct, we now reach the question of the appropriate sanction. Rule 8(C) of the Rules of this Court on Disciplinary Procedure provides as follows:

> A person who, having been publicly reprimanded for misconduct, is thereafter found guilty of subsequent misconduct, shall be suspended for an indefinite period from the office of attorney at law, or permanently disbarred, depending upon the seriousness of such misconduct.

On March 22, 1978, the Board of Commissioners on Grievances and Discipline sent to the respondent a letter of caution growing out of a Complaint against him.[1] On September 16, 1980, this Court, upon recommendation of the Executive Committee, issued against him a Public Reprimand. *In the Matter of Burgess,* 275 S. C. 315, 270 S. E. (2d) 436 (1980). Therein, this Court said:

> This is a disciplinary proceeding in which the complaint alleged that respondent charged and collected excessive fees in two particulars, wrongfully withheld funds owed to client, improperly split a fee without full disclosure, and improperly contacted the client following the initiation of this grievance proceeding.
>
> The hearing panel found that respondent collected a clearly excessive fee and improperly contacted the complaining witness following the initiation of the grievance. The hearing panel recommended a private reprimand. The Executive Committee found that respondent charged and collected an excessive fee and independently recommended that respondent be publicly reprimanded.

---

[1] These letters are no longer used by the Board. Although it would have been inappropriate to recite this letter at the time, it is in order to publicize it in connection with the action the Court now takes.

The Court agrees that the acts of respondent justified the recommendation of the Board that he be publicly reprimanded.

As indicated by the Rule quoted hereinabove, there are only two appropriate sanctions: (1) Indefinite Suspension, and (2) Disbarment. Independent of the advertisements found to be inappropriate, the repeated failure of the respondent to perform his duty incident to the several bankruptcy cases, forces the conclusion that this Court would not, at some future date, be justified in reinstating this attorney. There is involved, not an isolated incident but a pattern of activity inconsistent with the duty of this Court to permit only qualified persons to hold themselves out to the public as worthy of hire in the handling of legal matters.

We, therefore, disbar respondent, Harvey W. Burgess, and direct that he return his certificate of admission to the bar to the Clerk of this Court within five days of the notice of the filing of this Order.

GREGORY and HARWELL, JJ., concur and dissent.

GREGORY, Justice (concurring in part; dissenting in part):

I am in accord with the finding of misconduct but disagree with the sanction of disbarment imposed by the majority opinion. In my view an indefinite suspension is the appropriate sanction.

HARWELL, J., concurs.