21916

In the Matter of William Whitley HODGES, Respondent.
(303 S. E. (2d) 89)

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Havird Jones, Jr.*, Columbia, *for complainant.*

*Herbert Buhl, III*, Columbia, and *Laughlin McDonald*, Atlanta, Ga., *for respondent.*

May 4, 1983.

*Per Curiam:*

The Hearing Panel of the Board of Commissioners on Grievances and Discipline recommend respondent William Whitley Hodges be publicly reprimanded for professional misconduct. The Executive Committee concurs in the Panel's

findings of misconduct, but recommends a private reprimand. We agree with the Panel the appropriate sanction is public · reprimand.

The misconduct arises from advertisements published by respondent in *The State* newspaper. The advertisements are remarkably similar to the ones we recently disapproved in *In the Matter of Harvey William Burgess*, 302 S. E. (2d) 325 (S. C. 1983).

We find the advertisements are misleading and violate DR2-101. Accordingly, respondent William Whitley Hodges stands publicly reprimanded.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

GREGORY and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

The Board of Commissioners on Grievances and Discipline initiated this Complaint in response to a newspaper advertisement. It served respondent with a Notice and Complaint in December 1981. The Complaint alleged that the respondent committed misconduct by having published in *The State* newspaper an advertisement which was false, misleading, self-laudatory and which constituted solicitation. Attached to the Complaint was a copy of the advertisement:

Our GET OUT OF DEBT Service

IF YOU ARE BEING HARASSED BY YOUR CREDITORS AND YOU NEED HELP TO GET OUT OF DEBT:
- STOP CREDITOR'S HARASSING CALLS
- STOP FORECLOSURE OF HOME OR PROPERTY
- STOP INTEREST/FINANCE CHARGES FROM BUILDING UP

IF YOU ARE EMPLOYED AND NEED HELP TO GET OUT OF DEBT, OUR LAW FIRM CAN HELP YOU BY ENROLLING YOU IN A WAGE EARNERS PLAN CALL WILLIAM HODGES FOR AN EVALUATION OF YOUR PROBLEM AND AN APPOINTMENT. 799-9985 weekdays 787-4828 weekends

THE WILLIAM HODGES LAW FIRM
1338 MAIN AT WASHINGTON
Save this ad for future reference

The panel which heard the case found that respondent's advertisement was misleading, violating DR 2-101, Supreme

Court Rule 32. The Panel Report recommended that the respondent be publicly reprimanded. Respondent filed Exceptions and Supporting Memorandum to the Panel Report.

The Executive Committee voted to adopt the panel's findings of fact and conclusions of law but voted (3-2) to modify the sanction to a private reprimand. Two members voted for no sanction to be imposed.

After considering the record and oral arguments in this matter, I do not believe respondent's advertisement violates DR 2-101. Respondent offered the testimony of the Standing Chapter XIII Trustee in the District of South Carolina, a United States Bankruptcy Judge from Georgia, and a professor of law from the University of South Carolina. They testified that based upon the total context of the ad, it was neither false nor misleading. Furthermore, respondent, a past Chairman of the Public Information Sub-Committee of the Public Affairs Committee of the South Carolina Bar, used the American Bar Association guidelines to design the advertisement. His advertisement contained a brief headline, a statement of the services offered, a disclaimer that an evaluation was required to determine whether or not persons qualified for the services, and an inquiry clause listing his telephone number. It was geared to a lay audience in need of financial counseling and assistance. Of necessity, it had to be written in simple, direct layman's language if it was to be of any value to the consuming public.

The United States Supreme Court has offered the States guidance in the area of attorney advertising. In *Bates v. State Bar of Arizona*, 433 U. S. 350, 97 S. Ct. 2691, 53 L. Ed. (2d) 810 (1977) the Court first acknowledged an attorney's right to advertise. However, it held that false, deceptive or misleading advertisement of legal services could be restrained.

In *Re R. M. J.* 455 U. S. 191, 102 S. Ct. 929, 71 L. Ed. (2d) 64 (1982), the Missouri Supreme Court had privately reprimanded an attorney for an advertisement he had published. The United States Supreme Court reversed and held that attorney R. M. J.'s advertisement did not justify a sanction. The Court stated that the advertisement was not shown to be misleading nor did the State show a substantial interest promoted by restricting the advertisement. It concluded that although states may regulate commercial speech, the First and Fourteenth Amendments require that they do so with

care and in a manner no more extensive than reasonably necessary to further their substantial interests. I believe that today's majority opinion prohibiting appellant's advertisement does not meet these requirements.

Accordingly, I would dismiss the Complaint.

GREGORY, J., concurs.